## 19381. HODGES *v.* HODGES.

SUBMITTED JUNE 12, 1956—DECIDED JULY 10, 1956.

*Harold W. Hollingsworth, Hollingsworth & Hollingsworth,* for plaintiff in error.

*O. Frank Brant,* contra.

CANDLER, Justice. On November 26, 1947, and for a recited consideration of $10 and natural love and affection, Joseph B. Hodges conveyed to his son Howard G. Hodges a certain tract of land consisting of 100 acres in Screven County, Georgia, reserving unto himself a life estate therein. The deed was recorded

in that county on the day it was executed. On the same day and for a like consideration, Joseph B. Hodges conveyed to his sons John C. Hodges, Everard A. Hodges, and V. Milburn Hodges, an adjacent tract of land consisting of 105 acres in the same county, reserving unto himself a life estate therein. The deed was duly recorded on the day it was executed. On May 24, 1948, and for a recited consideration of $10, Joseph B. Hodges, Howard G. Hodges, and V. Milburn Hodges conveyed all right, title, and interest they had in and to the two mentioned tracts to John C. Hodges and Everard A. Hodges by a deed which was duly recorded August 9, 1948. Later, John C. Hodges conveyed his interest in the two tracts to Everard A. Hodges by quitclaim deed. This litigation was instituted by Robert A. Hodges against Everard A. Hodges on October 31, 1955.

In addition to the facts stated above, the amended petition alleges substantially the following: The two deeds which Joseph B. Hodges made to his sons on November 26, 1947, were executed by him to enable the grantees to borrow money on the lands and to use such funds for the purpose of paying the grantor's debts, but such loans were not obtained. When the deed from Joseph B. Hodges, Howard G. Hodges, and V. Milburn Hodges to John C. Hodges and Everard A. Hodges was executed on May 24, 1948, Joseph B. Hodges was old and extremely sick. He asked John C. Hodges and the defendant to have a deed prepared covering the two mentioned tracts for Howard G. Hodges, V. Milburn Hodges, and himself to sign, which would convey the land to them in trust for Warren Hodges and the plaintiff, his two blind sons during their lifetime, and at the death of both for the land to be then equally divided between his heirs at law. They fraudulently had a deed prepared which conveyed the land absolutely to them. It was presented to Joseph B. Hodges by John C. Hodges and the defendant when he was too weak and feeble to read it, and believing that it had been prepared according to the instructions he had given, he then signed it. He died a few days later. The rents and profits from the property amount to $300 annually, and the defendant paid that amount annually to Warren Hodges and the plaintiff until the death of Warren Hodges in 1952. The defendant is now due the plaintiff $900 as rents and profits received from

said property for the years 1953, 1954, and 1955, and the plaintiff prays judgment for that amount, and also a decree setting up and establishing his trust interest in the property and his right to have the annual rents and profits therefrom, and that the defendant be enjoined from making further efforts to evict him from the home on said land. The exception is to a judgment overruling a general demurrer to the petition.

The amended petition, together with its exhibits which are expressly made a part thereof, affirmatively shows that Joseph B. Hodges divested himself of all title to the lands in controversy, except a life estate therein, by his two deeds of November 26, 1947, and it is not alleged that he later reacquired title thereto. Hence, on May 24, 1948, his life estate was the only interest which he could convey to anyone; and, as the amended petition shows, that interest was terminated by his death, which occurred a few days subsequent to the execution of the deed under which the plaintiff claims an interest in and to the lands. The amended petition contains no allegation that Howard G. Hodges and V. Milburn Hodges by the deed of May 24, 1948, intended, sought or had previously agreed to convey any interest in the subject lands to Warren Hodges and the plaintiff, or that they executed the deed in consequence of any fraud practiced on them. Assuming, but not holding, that the allegations of the amended petition are sufficient to show that Warren Hodges and the plaintiff acquired some interest in the life estate which Joseph B. Hodges had in the lands on May 24, 1948, that interest ended a few days later and long before this litigation was instituted. In these circumstances, the amended petition failed to state a cause of action for any of the relief sought, and the defendant's general demurrer should have been sustained.

*Judgment reversed. All the Justices concur.*